**TWIN CITY SHIPYARD, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 299–87C.**

United States Claims Court.

Sept. 13, 1991.

Mark W. Lee, Minneapolis, Minn., attorney of record, for plaintiff.

Julie A. Shubin, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

This memorandum addresses Defendant's Motion To Amend Or Vacate One Sentence Contained In Paragraph Six Of The Court's June 13, 1991 Order, filed on August 16, 1991. That order stemmed from a pretrial conference on June 12, 1991, relating to how best to handle prospective settlement proceedings. Paragraph 6 of that June 13, 1991 order stated that:

> Plaintiff shall submit to defendant a written settlement proposal on or before July 12, 1991, and defendant shall respond to that proposal in writing on or before September 11, 1991. *If defendant rejects the proposal, it shall make a formal counteroffer* and plaintiff shall respond to the counteroffer in writing on or before October 11, 1991.

(emphasis added).

Defendant strenuously objects to the use of the word "shall" in the underlined quoted sentence and suggests that the court strike same and substitute the word "may" in its place. As expressed by the defendant, the reason for its objection to the obligatory language is because—"[t]he decision whether to make any settlement offer or to pursue litigation in this Court is a matter that goes to the very heart of the Attorney General's authority to decide matters affecting the conduct of litigation." In this connection, avers defendant, by 28 U.S.C. § 516 "Congress delegated authority to handle matters in litigation ... to the Department of Justice, under the direction of the Attorney General." Against this background, therefore, the defendant concludes that the court's mandating order requiring it to make a formal counteroffer "improperly impinges upon the Attorney

General's prerogative to conduct the litigation of this case." While the defendant advises that "we are, in fact, considering the validity of a counteroffer," its motion was not intended to suggest that it is not willing to participate in meaningful settlement negotiations.

In opposition, the plaintiff vigorously avers that defendant's position is specious and simply "seeks to avoid any meaningful settlement negotiations." This is so, argues plaintiff, because—the complained of order is merely a proper exercise of the court's discretion under RUSCC 16(a)(3); the court's order in no way interferes with the Attorney General's conduct of this litigation; the court has neither ordered the defendant to settle the case, nor has it dictated the amount of dollars for which the case should be settled; and all that has been ordered is that the government actively and *meaningfully* participate in settlement negotiations.

The court thoroughly agrees with the plaintiff's position for the precise reasons expressed, particularly in view of RUSCC 1(a)(2) and (3), 16(a)(3), and 77.1, which provide, in pertinent parts, as follows:

Rule 77.1(a). Responsibility.

Case management is the responsibility of the judge to whom the case is assigned.... *Each judge shall manage assigned cases so as to provide for the prompt dispatch of business....*

Rule 16. Pretrial Conferences; Scheduling; Management.

(a)(3) In any action, the court *may* in its discretion direct the attorneys for the parties ... to appear before it ... for such purposes as:

\*   \*   \*   \*   \*   \*

(v) facilitating the settlement of the case; and

(vi) such other matters as may aid in the disposition of the action.

Rule 1. Scope of Rules.

(a)(2) These rules *shall* be construed to secure the just, speedy, and inexpensive determination of every action.

(a)(3) In all cases not provided for by rule, a judge may regulate the applicable practice in any manner not inconsistent with these rules.

(emphasis added).

When this court disseminated its order on June 13, 1991, and paragraph 6 in particular, it had one cardinal purpose in mind, and that was to assure the management of subject case in such a manner so as to facilitate a just, speedy, and inexpensive resolution of this matter to the mutual satisfaction of all of the parties. Against this background, it seems clear beyond cavil—that the foregoing rules of this court, read together, explicitly and by implication grant this court the discretionary authority to require the parties to comply with paragraph 6 of the order, and that such order in no way violates the separation of powers doctrine or 28 U.S.C. § 516 by interfering with the Attorney General's authority to conduct litigation in this case. As plaintiff accurately states, said order neither directs defendant to settle this case nor dictates a specific amount of dollars as to which defendant shall settle the case. All that it requires of the defendant is that it "make a formal counteroffer" to the plaintiff— which amount is at the full and total discretion of the defendant. Actually, it can be as little as one cent or as much as defendant desires. To contend, as defendant does, that said order violates its rights is, to be charitable, absolutely absurd. Consider, for example, if defendant's position is correct, then it would appear, on its thesis, that the court could not order defendant to file an answer to a complaint because it would similarly violate its rights.

This court is satisfied that defendant's position is totally void of merit and, therefore, no further explication is required. In passing, however, the court is compelled to remind defendant that it is well recognized that an amicable disposition, *i.e.*, a settlement, is the highest form of justice, and that the government always prevails when justice is done. *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936), teaches that this court has the "... incidental ... power inherent in every court to control the disposition of the causes on its docket with econ-

omy of time and effort for itself, for counsel, and for litigants."

Defendant's motion to amend or vacate is therefore DENIED.

IT IS SO ORDERED.